**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GARY RONNELL PERKINS, | No. 10-17453 |
| Plaintiff - Appellant, | D.C. No. 1:06-cv-01177-NVW |
| v. | |
| J. S. WOODFORD; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Neil V. Wake, District Judge, Presiding

Submitted September 27, 2011[**]

Before:    SILVERMAN, W. FLETCHER, and MURGUIA, Circuit Judges.

Gary Ronnell Perkins, a California state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

deliberate indifference to his serious medical needs.  We have jurisdiction under 28

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment on Perkins's Eighth Amendment claim because Perkins failed to raise a genuine dispute of material fact as to whether treatment by prison medical staff of his hernia and related pain constituted deliberate indifference. *See id.* at 1058 (a prison official acts with deliberate indifference only if he knows of and disregards an excessive risk to inmate health, and a difference of opinion concerning the appropriate course of treatment does not amount to deliberate indifference); *Hallett v. Morgan*, 296 F.3d 732, 746 (9th Cir. 2002) (where a prisoner is alleging that delay of medical treatment evinces deliberate indifference, he must show that the delay led to further injury).

The district court properly construed Perkins's Fourteenth Amendment due process claim as an Eighth Amendment claim. *See Graham v. Connor*, 490 U.S. 386, 395 (1989) (where a particular Amendment "provides an explicit textual source of constitutional protection" against a particular sort of government behavior, "that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims").

Perkins's remaining contentions are unpersuasive.

**AFFIRMED.**